CASE 7—ACTION FOR CONSTRUCTION OF WILL OF BENJAMIN L. YOUNG, DECEASED—MARCH 10.

# Richardson v. Young, et al.

APPEAL FROM JEFFERSON CIRCUIT COURT, CHANCERY DIVISION.

JUDGMENT SUSTAINING DEMURRER TO ANSWER AND CROSS PETITION OF CLARA S. RICHARDSON AND CONSTRUING WILL OF BENJAMIN L. YOUNG. CLARA S. RICHARDSON APPEALS. REVERSED.

CONSTRUCTION OF WILLS—UNDEVISED ESTATE.

Held: 1. Testator devised his estate to his three children, two sons and a daughter. As to the daughter it was provided that if she should die, leaving no issue surviving, her share should be divided between testator's surviving children, and as to each of the two sons it was provided that if he should die without leaving issue surviving, before attaining the age of twenty-five years, his share should be equally divided between testator's surviving children "on the same terms and conditions as the share hereinbefore devised to such child."

2. That upon the death of one of the sons without issue, before reaching the age of twenty-five years, his share passed to his brother and sister with the same restrictions which attached to the shares originally devised to them, and upon the subsequent death of the daughter, without issue her share passed to her sole surviving brother without restriction. Therefore, upon his death without issue, after reaching the age of twenty-one years, but before reaching the age of twenty-five years, the one-half of the estate which passed to him from his sister descended from him to his mother and the other one-half of the estate descended to testator's brother and sister as undevised estate.

ZACK PHELPS, ATTORNEY FOR CLARA S. RICHARDSON.

It is a familar rule of construction as to wills, that they must be so construed as to make the whole paper stand, and the Court will not be inclined to give any construction, the effect of which would be to destroy or take away any portion or clause of the will.

HELM BRUCE & HELM FOR APPELLANT.

1 The testator's children took defeasible fees which became an absolute estate in the survivor. Gorman v. Betts, 86 Ky., 164.

Richardson v. Young, *et al.*

2. "A clear gift is not to be cut down by any subsequent provision
   unless the latter is equally clear." American & Eng. Enc. of
   Law, 29, p. 369; Note to Powers v. Jeundevine, 7 Lawyer's Reps.
   Ann., p. 517; Note to Bills v. Bills, 8 Lawyers' Reps. Ann., p. 696.
3 "Although the enjoyment of the legacy is postponed, the right
   vests immediately, and the legacy being vested is transmissible."
   Wallingford v. DeBell, 150 B. Mon., 552; 1 Jarman on Wills, side
   p. 760; Willett's Admr. v. Rutter's Admr., 84 Ky., 319; Hocker v.
   Gentry, 3 Met., 463; Roberts v. Brinker, 4 Dana, 570; Grigsby v.
   Breckinridge, 12 B. Mon., 640; Wedekind v. Hallenberg, 88 Ky.,
   117.

HARRIS & MARSHALL, ATTORNEYS FOR APPELLEES.

### AUTHORITIES, &c., CITED.

1. In construing wills, intention of testator gathered from the whole
   will controls, regardless of technical rules. Thackston v. Watson,
   84 Ky., 206; Kent's Com., 12th ed., vol. 4, side page, 535; and 537
   and bottom page 586.
2. All fees liable to be defeated by an executory devise are determina-
   ble fees. Kent's Com., 12th ed., vol. 4, side page 9, bottom page
   8.
3. Executory devises, their general qualities and construction. Kent's
   Com., 12th ed., vol. 4, side page, 264; bottom page 269; see pages
   268 and 270.
4. Court should construe will to give only defeasible fee in first de-
   visee to carry out testator's intention. Such construction should
   be given to the devise as will carry out the object and intention
   of devisor and as will effectuate the purpose of the devise. Sale
   v. Crutchfield, 8 Bush, 649; Parish v. Vaughn, 12 Bush, 97; 5
   Rule of Reversion; Kent, vol. 4, top page, 354; bottom page 363.

OPINION OF THE COURT BY CHIEF JUSTICE HAZELRIGG—REVERSING.

Benjamin L. Young died testate in Jefferson county in
November, 1888, leaving three children, and to these he
gave his estate, consisting solely of certain real
property, under conditions to be stated presently.
In February before his death he had obtained a divorce
from his wife, who was the mother of his three children.
He also left a brother and sister. The children of the

testator died unmarried, and childless, and the question presented on this appeal is, does the appellant, the mother of the children, take the estate, or do the appellees, the brother and sister, take it? The will, excluding the first item, which provides merely for the payment of debts and funeral expenses, is as follows: "Item Second. All the rest and residue of my estate, real, personal, and mixed, after the payment of my debts and funeral expenses as aforesaid, I give, devise, and bequeath to my three children, Eliza Lawrence Young, Gresham Alexander Young and Kenneth Madison Young, to be equally divided between them, share and share alike. Item Third. The share of my daughter, Eliza Lawrence Young, is to be her sole and separate estate, free from the debts, liabilities, and control of any husband she may have during her life, and at her death to descend in fee simple to her children; and if she die, leaving no issue surviving her, then her said share shall be divided between my surviving children. Item Fourth. The shares of my sons, Gresham Alexander Young and Kenneth Madison Young, are to be conveyed and paid to them when and as they respectively attain the age of twenty-five years, and until they attain said age they shall have no power to convey or incumber in any way the estate herein devised to them; and if either shall die, without living issue surviving him, before attaining said age, his share shall be equally divided between my surviving children on the same terms and conditions as the share hereinbefore devised to such child. Item Fifth. If any of my said children shall die, leaving issue surviving them, such issue shall inherit in the same manner as the parent would if living, only such issue shall take in fee simple. Item Sixth. In the event that the income from the share of any of my said children is insufficient for its

support, and such child is unable to labor to earn its own support, I authorize its guardian to expend a reasonable allowance out of the principal of such child's share for such support.  Item Seventh.  I authorize and empower the statutory guardian of my said children, or any of them, to sell and convey any real estate said children may take under this will, the proceeds of such sale to be reinvested by such guardian, either in real or personal estate, for the benefit of such child or children, with power to again sell and convey as often as he may deem it to the interest of such child.  The trustee for my daughter may, after she attains her majority, with her consent and approval, sell and convey any real estate in fee simple that she may take under this will, and reinvest the proceeds, to be held just as the estate herein devised to her is held; this power of sale to be in addition to the power conferred upon her guardian."  By the eighth item the brother of the testator was appointed executor of the will, guardian of the children, and trustee for the daughter "during her life," with a request that he be allowed to qualify in each of these capacities without giving security.  The son Kenneth Madison died in November, 1893, a minor, and unmarried; the daughter died in August, 1895, also unmarried; and the son Gresham Alexander died in October, 1898, likewise unmarried, and when 21 years and 1 month of age.

The chancellor was of opinion that the will, as a whole, only gave to each of the children a life estate, and, there being no issue, and no one of the class named as survivors to take, a case of intestacy resulted.  The fee, it is supposed, having been disposed of only on contingencies, which never happened, remained in the testator and reverted to his estate; and therefore the heirs of the testator, his brother and sister, inherited the property.  It is insisted,

Richardson v. Young, *et al.*

on the other hand, that, at any rate, whatever may be said of the half of the estate which came to the surviving brother, Gresham, from his brother, Kenneth, certainly that half which Gresham inherited from his sister is free from all restrictions, and was devised to him in fee under the third item; and that, therefore, upon Gresham's death, the estate passed by inheritance to his mother. It is difficult to escape this conclusion. When Kenneth died, the sister got one-half of his share, to be held by her (item 4) on the same terms and conditions as she held the share directly devised to her. She probably held a life estate only. But this is not material, because upon her death without issue her entire share of the estate was to be divided, under item 3 of the will, between the surviving children. As Gresham alone survived, he took this half in fee, as there is no attempt in item 3 to name the conditions on which the sister's share was to go to and be held by the survivor or survivors. The last survivor, therefore, took the fee to the sister's share of the estate, and this passed by descent to his mother. We agree with the chancellor's construction of the will as it affects the other half of the estate. The surviving son held his original share, as well as the share derived from his brother, on contingencies which prevented the vesting of the estate, and there is failure to dispose of the remainder. The brother and sister therefore take one-half the estate as heirs of the testator. Wherefore the judgment is reversed for proceedings consistent with this opinion.